In re Estate of MILES McLOUGHLIN, Deceased.

(171 N. W. 87)

(File No. 4414.   Opinion filed March 12, 1919.   Rehearing denied June 3, 1919.)

**Appeals—Dismissal of Appeal—Will, Income of Testator's Property Under, As Life Estate, Probate Order Involving, Appeal By Heirs, Whether Parties, Whether Substantial Rights Involved—Appealable Order—Statute.**

Where an order of county court, construing testator's will, which provided that the wife, "shall have and receive the income from whatever property, personal or real I may die pos-

sessed of * * * for her sole and separate use, absolutely, during her natural life," followed by a provision that after her death any remaining property shall be divided between the children; with a further provision that specified interest money should be annually paid the wife and that certain rentals be paid her monthly by the executor after deducting repairs and taxes— decreeing that the wife had a life interest in both the real and personal property, and ordering executor to make final report and distribute the property according to law; from which order the children of decedent mentioned in the will appealed to circuit court; **held,** that the latter court erroneously granted a motion to dismiss the appeal on the ground that the appellants were not proper parties to the proceeding, and that their substantial rights were not affected thereby, and that the order was not an appealable order as not affecting a substantial right; it being claimed by appellants that under the will a life estate in said real and personal property was not willed to respondent, but that it willed to her only an absolute right and title to income arising therefrom, and that the property was to remain in executors hands—a point not herein decided or passed upon; that appellants have the right to have the circuit court, as an appellate court, and Supreme Court if deemed necessary, pass upon and construe provisions of said will.

Appeal from Circuit Court, Davison County. HON. FRANK B. SMITH, Judge.

In the matter of the estate of Miles McLoughlin, deceased. The county court having construed the will of decedent to the effect that respondent, his widow, had a life estate in both the real and personal property of decedent, and ordering executor to make a final report and distribute the property according to law; decedent's children appealed from said order to the circuit court, which court granted respondent's motion to dismiss the appeal; from which latter order respondents on said appeal appeal. Reversed.

*Lauritz Miller,* for Appellants.

*T. J. Spangler,* for Respondent.

Appellants cited:

Prob. Code, Sec. 345, subd. 7, 8; Sec. 346.

Respondent cited, in re party aggrieved:

2 R. C. L. 52 Section 33 and 34; Re Carpenter Est. 25 L. R. A. (N. S.) 155-156; Schlegel v. Sisson, 8 S. D. 476.

McCOY, J. This is an appeal from a judgment of the circuit court dismissing appellant's appeal from an order of the county

court of Davison county, to the effect that respondent, Mary Stowe, has a life interest in both the real and personal property of the estate of one Miles McLoughlin, deceased, and that she is entitled to the immediate possession of such property, and ordering the executor to make a final report and distribute the property according to law.

Respondent, Mary Stowe, was the second wife of Miles McLoughlin, and appellants are the children of deceased by his first wife. The record shows that Miles McLoughlin died testate on July 4, 1911, and that his will, among other things, in substance, contained the provisions that after all the above bequests have been paid to the respective parties above named, then it is my wish and will that my wife, Mary McLoughlin (now Mary Stowe, the respondent) shall have and receive the income from whatever property, personal and real, I may die possessed of, and wherever situate, for her sole and separate use, absolutely, during her natural life; and after her death it is my wish and will that any property remaining shall be divided equally, share and share alike, between my children above named; and I direct that all money derived from interest on notes and mortgages shall be paid annually to my said wife for her sole and separate use absolutely; where there is income from the rent of houses, I direct that all repairs and taxes be paid first, or be set aside for that purpose, by my executor, and that the balance of said rents be paid to my said wife monthly as they shall accrue; and lastly I do hereby make, constitute and appoint Louis Jacobs, with bonds, to be the executor of this my last will and testament.

From the said order of the county court the said children of decedent mentioned in said will appealed to the circuit court. In the circuit court motion was made by the respondent for an order dismissing the appeal on the ground that said appellants, or either or any of them were not proper parties to the proceeding in which said order was made; that no substantial rights of said appellants or either or any of them are affected by said order appealed from; that said order appealed from does not adjudge or decree anything against appellants, and does not prevent them, or any of them, from asserting any right they may have in any proper court; that said order is not an appealable order, as it does not affect any substantial right of any person, but merely requires

the executor to file a final report and make distribution according to law. The motion to dismiss appeal being granted, appeal from such order has been taken to this court.

The sole question before this court for determination is whether or not the said appeal was properly dismissed. It is the contention of the respondent that appellants were in no manner whatsoever prejudiced or aggrieved by the making of said order, and therefore not entitled to appeal under section 346, Probate Code. We are of the opinion that said appeal should not have been dismissed. Whether or not the respondent is right in her contention that appellants were not aggrieved or prejudiced by the said order depends entirely upon the construction of the provisions of said will, and we are of the view that appellants have the right to an appeal from the construction placed upon said will in said order of the county court. It is claimed by appellants that under said will a life estate in the real and personal property of decedent was not willed to the respondent, but that there was willed to her only an absolute right and title to the income arising from said property, and that the property itself of which the decedent died possessed was to remain in the hands of the executor, and that the interest and rents arising as income from said property should at stated times be paid by the executor to the respondent. Without deciding or passing any opinion at this time as to what construction should be placed upon the provisions of said will, in relation to the contention of the interested parties, we are of the view that the appellants have the right to have the circuit court, as an appellate court, and this court, if deemed necessary, pass upon and construe the provisions of said will. It follows that appellants will be deprived of such right in case said appeal is dismissed and the said order carried out.

The order appealed from is therefore reversed.